IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Salvatore McGrath, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 16 C 9151 |
| LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Salvatore McGrath, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Salvatore McGrath ("McGrath"), is a citizen of the State of New Jersey, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed for a Credit One Bank credit card, despite the fact that he had exercised his rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. Defendant LVNV is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant LVNV conducts business in Illinois.

7. Moreover, Defendant LVNV is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant LVNV acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

8. Mr. McGrath is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for a Credit One Bank credit card. At some point in time after that debt became delinquent, Defendant LVNV bought/obtained Mr. McGrath's Credit One Bank debt, and when Defendant began trying to collect this debt from him, he sought the assistance of legal aid attorneys at the

Chicago Legal Clinic's LASPD program regarding Defendant's collection actions.

9. Accordingly, on September 21, 2012, one of Mr. McGrath's legal aid attorneys at LASPD informed Defendant LVNV that Mr. McGrath was represented by counsel, and directed Defendant LVNV to cease contacting him, and to cease all further collection activities because Mr. McGrath was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Nonetheless, Defendant LVNV had one of its attorneys, Stenger & Stenger, send Mr. McGrath a collection letter, dated October 14, 2015, demanding payment of the Credit One Bank debt. A copy of this letter is attached as Exhibit D.

11. Accordingly, on December 29, 2015, Mr. McGrath's LASPD attorney sent another letter directing LVNV it to cease communications and to cease collections. A copy of this letter is attached as Exhibit E.

12. Undeterred, Defendant LVNV had another one of its attorneys, Fein, Such, Kahn, & Shepard, send Mr. McGrath a collection letter, dated April 21, 2016, demanding payment of the Credit One Bank debt. A copy of this letter is attached as Exhibit F.

13. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that he had the right to refuse to pay this debt and to demand the collection communications cease, Defendant's continued collection communications made Plaintiff believe that his demand had been futile and that he did not have the rights Congress had granted him under the FDCPA.

14. Moreover, violations of the FDCPA which would lead a consumer to alter

his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether he was still represented by counsel as to this debt, which caused stress and confusion as to whether he was required to pay the debt at issue.

15. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Mr. McGrath's agent/attorney, LASPD, told Defendant LVNV to cease communications and cease collections (Exhibits C and E). By continuing to communicate regarding this debt and demanding payment (Exhibits D and F), Defendant LVNV violated § 1692c(c) of the FDCPA.

20. Defendant LVNV's violations of § 1692c(c) of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendant LVNV knew, or readily could have known, that Mr. McGrath was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing, that Mr. McGrath was represented by counsel, and had directed a cessation of communications with Mr. McGrath (Exhibits C and E). By directly sending Mr. McGrath collection letters (Exhibits D and F), despite being advised that he was represented by counsel, Defendant LVNV violated § 1692c(a)(2) of the FDCPA.

24. Defendant LVNV's violations of § 1692c(a)(2) of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Salvatore McGrath, prays that this Court:

1. Find that Defendant LVNV's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff McGrath, and against Defendant LVNV, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Salvatore McGrath, demands trial by jury.

                                                                 Salvatore McGrath,

                                                                 By: /s/ David J. Philipps
                                                                 One of Plaintiff's Attorneys

Dated: September 22, 2016

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com